UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD DEAN YANDELL,

    Petitioner,

    v.

R. HOREL, warden,

    Respondent.
                           /

No. C 06-6332 MHP (pr)

**ORDER LIFTING STAY, REOPENING ACTION, AND SETTING BRIEFING SCHEDULE ON PETITION**

    Ronald Dean Yandell filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2004 conviction in Contra Costa County Superior Court. His habeas petition alleged four claims: (1) Yandell's right to due process was violated because there was insufficient evidence to support the murder and manslaughter convictions, (2) Yandell's right to due process was violated by the trial court's exclusion of impeachment evidence regarding witness Mark Gutierrez, (3) Yandell's right to effective assistance of counsel was violated by trial counsel's deficiencies identified in the petition, and (4) Yandell's rights to due process and fair trial were violated by police and prosecutorial misconduct. Respondent moved to dismiss on the ground that state court remedies were not exhausted for the part of the fourth claim that asserted that the police and prosecutor committed misconduct by not investigating a second bullet hole discovered in victim Dino Gutierrez's bedroom wall. The court granted the motion to dismiss, and Yandell elected to have this action stayed so that he could exhaust state court remedies as to the unexhausted claim.

Now before the court for consideration is Yandell's unopposed motion to lift the stay and proceed with consideration of the habeas petition. In his motion, Yandell states that he has now exhausted the claim that police and prosecutor engaged in misconduct in not investigating the second bullet hole. He also states that he wants to "consolidate" with his other claims a newly-exhausted claim about the "state court's wrongful denial of petitioner's request for DNA testing." Motion to lift stay, p. 2. The motion to lift the stay is GRANTED. (Docket # 29.) The stay is lifted and the clerk will REOPEN this action that had been closed administratively. As a result, there are now five claims for respondent to address – the four in the original petition, plus the new DNA testing claim discussed in the motion to lift the stay and the attachments thereto.

In order to move this case toward resolution, the court now sets the following briefing schedule:

1. Respondent must file and serve his response to the petition no later than **August 14, 2009**.

2. Petitioner must file and serve his traverse in support of the petition no later than **September 25, 2009**.

IT IS SO ORDERED.

DATED: June 10, 2009

Marilyn Hall Patel
United States District Judge

2